UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLAND HARDAWAY,

       Petitioner,

                            CASE NO. 13-13144
v.                            HONORABLE GEORGE CARAM STEEH

SHARON L. BURT,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ENLARGE THE RECORD
OR TO COMPEL DISCOVERY (Doc. 2) AND DENYING PETITIONER'S MOTION
FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL (Doc. 8)**

### I. Introduction

Habeas petitioner Holland Hardaway has filed a pro se habeas corpus petition challenging his state conviction for second-degree murder and possession of a firearm during the commission of a felony. The evidence at trial established that

> [o]n the evening of October 2, 1993, undercover Detroit police officers Clifton Counts and Norman Spruiel parked their unmarked cars on a dead end street and stood outside discussing the details of a manhunt they were conducting to find a murder suspect. Wendell Hardaway, defendant's cousin, owned an auto body repair shop nearby. He claimed that a suspicious-looking vehicle drove by and parked down the street. Defendant and Gregory McDonald were also at the shop working on cars. Defendant briefly went home but returned to assist Wendell in closing and securing the shop for the night. Defendant admittedly retrieved a rifle from his home before returning to the shop. Defendant claimed that his cousin was nervous about the suspicious vehicle parked down the road.
>
> Defendant testified that he saw a man with a gun standing by a parked vehicle. Defendant claims to have stopped his vehicle to ask the man "what he was doing." According to defendant's version of events, the armed man fired at him and defendant shot back in self-defense.

-1-

>  Defendant denied knowing that Spruiel was a police officer.
>
>  Officer Counts, on the other hand, testified that defendant drove slowly by in a black Camaro twice while he and Officer Spruiel talked. At some point, two men in a gold car—Wendell Hardaway and McDonald—drove adjacent to the officers and shined the car's headlights on them. The men queried "what's happening," at which point Counts asserted that he revealed his badge and told the men to move along. Defendant then drove up in his Camaro, pulled to a stop and alighted from the vehicle. Counts saw defendant holding a rifle and heard four shots. Counts saw Spruiel collapse and heard defendant say, "[F]ucking police." Counts shot toward defendant and the gold car, whose passenger also had a gun. Defendant and his associates in the gold car returned fire and then drove away from the scene. Spruiel died from his gunshot wounds.

People v. Hardaway, No. 304814, 2013 WL 132710, at *1 (Mich. Ct. App. Jan. 10, 2013), leave to appeal denied, 494 Mich. 856; 830 N.W.2d 393 (2013).

The trial court sentenced Petitioner in 1994 to five years in prison for the felony firearm conviction and to a consecutive term of forty to eighty years in prison for the murder conviction. Petitioner alleges in his habeas petition that: (1) trial counsel was ineffective for failing to (a) introduce witnesses or evidence that would have refuted the medical examiner's finding that the victim was shot in the back, (b) disclose counsel's relationship with the victim, (c) object to the trial court's jury instruction on medical testimony, and (d) move to have the first-degree murder charge reduced; (2) the trial court engaged in judicial misconduct; (3) the trial court deprived him of his right to present a defense by excluding evidence and restricting the cross-examination of Officer Counts; (4) the trial court's jury instruction on intent relieved the State of its burden of proving every element of the offense; (5) the trial court's supplemental instructions were plainly incorrect; (6) the prosecutor argued facts not in evidence; (7) the State withheld exculpatory evidence at the preliminary examination; and (8) he was

denied a speedy and meaningful appeal of right.

Currently before the Court are Petitioner's motion to enlarge the record or to compel discovery (Doc. 2) and his motion for an evidentiary hearing or appointment of counsel (Doc. 8). The State has not answered the motions, and the responsive pleading is not due until February 10, 2014.

## II. The Motion to Enlarge the Record or to Compel Discovery

Petitioner seeks to have the State produce a laboratory report and the deceased victim's medical records. Petitioner contends that this evidence would allow the Court to make an informed decision on the facts of the case.

Habeas petitioners are not entitled to discovery as a matter of course, Bracy v. Gramley, 520 U.S. 899, 904 (1997), but "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 2254, Rule 6(a). It is an abuse of discretion not to permit discovery when specific factual allegations, if fully developed, would entitle the petitioner to relief. Bracy, 520 U.S. at 908-09. In such circumstances, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969). Nevertheless, Rule 6(a) authorizes courts to "limit the extent of discovery." The rule "makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Bracy, 520 U.S. at 909.

Petitioner's discovery requests appear to be related to habeas claims one and six. Claim 1(a) alleges that trial counsel should have interviewed witnesses and produced medical records to refute the medical examiner's finding that the victim was shot two times in the back. Habeas claim six alleges that the prosecutor committed

-3-

misconduct by arguing that the victim was shot in the back as he ran away.

According to Petitioner, the discovery items he seeks would demonstrate that the victim was not shot in the back. The parties, however, stipulated at trial that the physician who treated the victim observed two gunshot wounds and that one bullet entered the victim's right side under the armpit and the other bullet entered the left flank. See Hardaway, 2013 WL 132710, at *3 - *4. This stipulation tended to contradict the medical examiner's report and to favor the defense theory that Petitioner killed the victim in self defense. The Court therefore finds that the laboratory report and the victim's medical records are not needed for an informed decision or a fair adjudication of habeas claims 1(a) and 6. Accordingly, Petitioner's motion to enlarge the record or to compel discovery (Doc. 2) is **DENIED**.

### III. The Motion for an Evidentiary Hearing and Appointment of Counsel

In his second motion, Petitioner seeks an evidentiary hearing on his claims about trial counsel and the prosecutor's alleged suppression of evidence favorable to the defense at the preliminary examination. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. See Davis v. Lafler, 658 F.3d 525, 539 (6th Cir. 2011) (en banc) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. See [Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011)]; 28 U.S.C. § 2254(d)(2).

Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir.), cert. denied sub nom Keeling v. Brunsman, __ U.S. __, 133 S. Ct. 141 (2012). If a state court did not

adjudicate the petitioner's claims on the merits, the question is whether the petitioner failed to develop the factual basis for his claim in state court. Id. at 464-65 (explaining the requirements of 28 U.S.C. § 2254(e)(2)).[1] And, "[i]n cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." Schriro v. Landrigan, 550 U.S. 465, 468 (2007).

The Court is precluded from holding a hearing on Petitioner's claim of ineffective assistance of trial counsel because the Michigan Court of Appeals adjudicated that claim on the merits. See Hardaway, 2013 WL at *2 - *5. As for Petitioner's prosecutorial-misconduct claim, the Michigan Court of Appeals reviewed the claim for "plain error," because Petitioner did not raise that issue in the state trial court. See id. at *13.

---

[1] Section 2254(e)(2) reads:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

This Court finds it unnecessary to determine whether Petitioner was at fault for failing to develop the factual basis for his prosecutorial-misconduct claim, because the claim appears to lack merit. Although the prosecution may not suppress evidence favorable to the defense, Brady v. Maryland, 373 U.S. 83, 87 (1963), the disputed evidence in this case consisted of Officer Counts' alleged statements to an investigator that he was the first person to start shooting after Petitioner exited a car with a weapon, that he did not identify himself to Petitioner as a police officer, and that the profanity he heard could have come from someone other than Petitioner. Petitioner arguably could have obtained Officer Counts' statement to the investigator had he made a diligent effort, and "[t]here is no Brady violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available . . . from another source, because in such cases there is really nothing for the government to disclose." Coe v. Bell, 161 F.3d 320, 344 (6th Cir. 1998) (internal quotation marks omitted).

Furthermore, Officer Counts testified unequivocally at the preliminary examination that he saw Petitioner open fire at Officer Spruiel in an initial burst of four shots and that Officer Spruiel's gun discharged into the ground as he fell. Counts and Petitioner subsequently engaged in an exchange of gunfire. See ECF No. 11 at 28-29, 63-66, Hardaway v. Robinson, No. 01-70230 (E. D. Mich. Aug. 20, 2001). The Michigan Court of Appeals reasonably concluded that evidence of Officer Counts' prior statement to the investigator would not have altered the state district court's decision to bind Petitioner over on an open murder charge.

As for Officer Counts' other comments to the investigator, he admitted at the

preliminary examination that he did not identify himself as a police officer to anyone in the Camaro that Petitioner was driving. See id. at 56-57, 66. He also admitted that he "believed" Petitioner uttered the profanity. Id. at 31-32. This was similar to what he told the investigator. See Pet. for Writ of Habeas Corpus, Exh. C, Clifton Counts' witness statement (stating that he believed the profanity came from the first shooter, but that it could have come from someone else). Petitioner therefore suffered no prejudice as a result of the allegedly suppressed evidence regarding Counts' statement to the investigator.

The Michigan Court of Appeals reasonably concluded that "no error, plain or otherwise, arose from the prosecutor's purported suppression of exculpatory evidence." Hardaway, 2013 WL 132710, at *13. Therefore, an evidentiary hearing is unnecessary and the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). Petitioner's motion for an evidentiary hearing and appointment of counsel (Doc. 8) is **DENIED**.

## IV. Conclusion

Petitioner is not entitled to enlarge the record, to compel discovery, to have an evidentiary hearing, or to appointment of counsel. Accordingly, his motion to enlarge the record or to compel discovery (Doc. 2) and the motion for an evidentiary hearing and appointment of counsel (Doc. 8) are **DENIED**.

Dated: January 14, 2014

                                                   s/George Caram Steeh  
                                                   GEORGE CARAM STEEH  
                                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 14, 2014, by electronic and/or ordinary mail and also on Holland Hardaway #163872, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk