UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLAND HARDAWAY,

       Petitioner,

                                     CASE NO. 13-13144
v.                                      HONORABLE GEORGE CARAM STEEH

SHARON L. BURT,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RECONSIDERATION (ECF No. 10)

This matter is pending before the Court on habeas petitioner Holland Hardaway's motion for reconsideration of the Court's order denying his motion to enlarge the record or to compel discovery and his motion for an evidentiary hearing and appointment of counsel. Petitioner also challenges the Court's conclusion that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) apply to his habeas case.

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." Indah v. U.S. S.E.C., 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)).

Petitioner's prior motion to enlarge the record or to compel discovery sought to

-1-

have the Court order the State to produce a laboratory report and the deceased victim's medical records.  Petitioner's other prior motion sought appointment of counsel and an evidentiary hearing on Petitioner's claims about trial counsel and the prosecution's alleged suppression of evidence.  The Court denied both motions because the scope and extent of discovery in a habeas case "is a matter confided to the discretion of the District Court," Bracy v. Gramley, 520 U.S. 899, 909 (1997), and because AEDPA restricts the availability of federal evidentiary hearings in habeas corpus proceedings. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir.) cert. denied sub nom Keeling v. Brunsman, __ U.S. __,133 S. Ct. 141 (2012).  Furthermore, "there is no constitutional right to counsel in habeas proceedings." Post v. Bradshaw, 422 F.3d 419, 425 (6th Cir. 2005).  The Court therefore did not make an obvious, clear, unmistakable, manifest, or plain error when it denied Petitioner's prior motion for an evidentiary hearing and appointment of counsel or his motion to enlarge the record or to compel discovery.

Although Petitioner claims that the Court erred when it applied AEDPA to his case, both this case and Petitioner's previous habeas petition were filed after the AEDPA was enacted.  Therefore, the deferential standard of review set forth in the AEDPA, 28 U.S.C. § 2254(d), applies to this case.  Lindh v. Murphy, 521 U.S. 320, 336 (1997).

For all the reasons given above, Petitioner's motion for reconsideration (ECF No. 10) is **DENIED**.

Dated:  May 14, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-2-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2014, by electronic and/or ordinary mail and also on
Holland Hardaway #163872, Muskegon Correctional Facility,
2400 S. Sheridan, Muskegon, MI 49442.


s/Barbara Radke
Deputy Clerk